# Third District Court of Appeal

## State of Florida

Opinion filed May 14, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0818
Lower Tribunal No. 92-47785
_____

**Serge Phanord,**
Appellant,

vs.

**Martine Phanord,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Weinbaum P.A., and Lane Weinbaum (Coral Springs), for appellant.

Martine Phanord, in proper person.

Before EMAS, SCALES and GOODEN, JJ.

SCALES, J.

Appellant Serge Phanord (Former Husband) appeals a final order approving a general magistrate's recommended order finding him in civil contempt for failing to pay child support. We reverse because the general magistrate erred by determining that Former Husband had waived his equitable laches defense.

**I. Relevant Background**

Former Husband and appellee Martine Phanord (Former Wife) were divorced in 1992. The final judgment required Former Husband to pay child support for their two minor children. Approximately thirty years after the divorce – and approximately twenty years after their youngest child reached adulthood – Former Wife, pursuant to Florida Family Law Rule of Procedure 12.615(b), filed a motion in family court for indirect civil contempt, alleging that Former Husband never made child support payments.

Pursuant to Florida Family Law Rule of Procedure 12.490(b), the trial court referred Former Wife's contempt motion to a general magistrate who conducted an evidentiary hearing on April 4, 2024. During the hearing, Former Husband attempted to raise an equitable laches defense. The general magistrate, though, declined to consider laches because Former Husband did not plead laches as an affirmative defense.

The next day, the general magistrate issued an order recommending that the trial court grant Former Wife's contempt motion.[1] On April 9, 2024, the trial court entered a final order granting wife's contempt motion and approving the general magistrate's recommended order. Subsequently, the trial court denied Former Husband's motion to vacate the final order filed pursuant to rule 12.490(e)(3). Former Husband timely appealed the trial court's final order.

**II. Analysis[2]**

*A. Introduction*

Former Husband argues three issues on appeal: (i) the findings in the recommended order are not supported by competent, substantial evidence; (ii) the trial court failed to make required findings pursuant to rule 12.615(d)(1); and (iii) Former Husband was denied due process when the general magistrate declined to adjudicate Former Husband's equitable laches defense. Because we reverse the contempt order based on Former

---

[1] In its recommended order, the general magistrate found that Former Husband owed Former Wife $32,400 in back child support. The recommended order required Former Husband to make monthly payments of $400 until the arrearage is paid in full.

[2] Normally we review a contempt order entered pursuant to rule 12.615 under an abuse of discretion standard; here, we review *de novo* the issue of whether a trial court has complied with due process. Huerta v. Grajales, 357 So. 3d 153, 155 (Fla. 4th DCA 2023).

Husband's due process claim, we need not, and therefore do not, address the other issues raised by Former Husband.

### B. *Equitable Laches*

At the hearing before the general magistrate, Former Husband tried to argue an equitable laches defense.[3] He maintained that Former Wife's thirty-year delay in filing her contempt motion prejudiced his ability to rebut her claim with payment records.

The general magistrate, though, did not adjudicate Former Husband's laches defense. Rather, the general magistrate determined that Former Husband had waived laches by not pleading it as an affirmative defense. The general magistrate based this holding on his reading of Florida Family Law Rule of Procedure 12.110(d), which requires that all affirmative defenses be stated in the answer.[4]

---

[3] "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It is an equitable defense, and its applicability depends upon the circumstances of each case. Delay alone in asserting a right does not constitute laches, and the burden is on the party who asserts the doctrine of laches to prove prejudice." Ticktin v. Kearin, 807 So. 2d 659, 663 (Fla. 3d DCA 2001).

[4] The general magistrate's recommended order also referred generally to rule 12.120 (governing the pleading of special matters) and cited the case of Parra Del Rey v. Rey, 114 So. 3d 371, 386 (Fla. 3d DCA 2013), a case stating the general proposition that a failure to plead an affirmative defense

4

But a party needs to file an answer and affirmative defenses only in response to a pleading. Fla. Fam. L. R. P. 12.100(c), (d). Former Wife's contempt motion, filed pursuant to rules 12.100(b) and 12.615(b), is not a pleading. We see no provision in the Family Law Rules that required Former Husband to file an answer, or any written response, to Former Wife's contempt motion. In our view, traditional notions of due process – along with the express dictates of rule 12.615(b)[5] – required the general magistrate both to allow Former Husband to present his laches defense, and then to adjudicate it. See Thilloy v. Ciccone-Capri, 289 So. 3d 18, 23 (Fla. 3d DCA 2019) (holding, in part, that the trial court erred in not considering a former husband's laches defense to arrearages); see generally Kane v. Kane, 247 So. 3d 57, 59 (Fla. 3d DCA 2018) (recognizing that the due process considerations of notice and opportunity to be heard apply in family law civil contempt proceedings brought pursuant to rule 12.615(b)).

While we express no opinion on the merits of this defense, the general magistrate, in the contempt proceedings, should have allowed Former

---

of fraud in a party's answer to a petition for marriage dissolution waives fraud as a defense.

[5] In relevant part, rule 12.615(b) states that no civil contempt may be imposed "without providing the alleged contemnor with an opportunity to be heard." Fla. Fam. L. R. P. 12.615(b).

Husband to maintain the defense. The general magistrate should have adjudicated the defense, rather than finding that Former Husband waived laches for failing to plead it as an affirmative defense.

Contempt order reversed without prejudice to Former Wife filing a renewed contempt motion.